(Hamilton County Probate Court.)

IN RE ESTATE OF ROBERT R. REYNOLDS, DECEASED.

---

Every administrator and guardian is a trustee. But while the statute defines the trust which they execute, the terms of the trust in the case of executors are found in the will appointing him. Such trusts are as boundless as the will prescribes. and it is only when he transgresses these limits, or where fraud is shown, that the court will interfere.

---

FERRIS, J.

The exceptions that have been filed in the matter of the various accounts of the executor under the will of Robert R. Reynolds, as well as Justus Goeble, the administrator de bonus non with the will annexed, are, to each and every item, both of the debit and credit side of the accounts, involving the necessity of an examination of the books of the concern, which was being managed under the provision of the will of Robert R. Reynolds, deceased. It has never been the duty of this court to examine a will which gave broader powers by way of testamentary trust to an officer of this court.

Section 6 of his will makes a provision and direction that, for the period of ten years, dating with his death, his estate should vest in and be completely controlled by the executor named in his will. who, as a testamentary trustee, was given the fullest power to sell, mortgage and pledge every portion of the estate.

It is sufficient to say that the breadth of the power was as boundless in the hands of the executor as it would have been had Robert R. Reynolds been living to have exercised it. The executor was excused from giving bond, excused from filing accounts in this court, and, in general, was relieved from any accountability to anybody, except

as he was amenable to the court by virtue of the statute.

It became necessary to appoint a successor to this executor, who, by reason of incapacity, was disqualified from further acting, and thereupon, on the twenty-fifth day of October, 1892, such proceedings were had as that this court made and entered upon its journals the following entry in the matter of the estate of Robert R. Reynolds, deceased:

"It appearing to the court that prior to the death of Robert R. Reynolds, a trust was created in Frank Reynolds by said Robert R. Reynolds, as to 1,206 shares of the capital stock of the Stone Lake Ice Company, a corporation under the laws of Ohio, a true copy of which trust so executed in writing is hereto attached, marked 'Exhibit A,' and ordered made part of the record in his case; and it further appearing that said Frank Reynolds, trustee, has become mentally incapacitated from further performing his duties as such trustee, it is proper that a successor be appointed in his place. And it further appearing that all the beneficiaries under said trust consent that Justus Goebel, a resident of Hamilton county, be appointed such trustee. it is ordered that said Justus Goeble be and he is hereby vested with all and singular the powers and duties imposed on said Frank Reynolds, trustee, by said deed of trust, and before entering on his duties as such trustee, it is ordered that said Justus Goebel give bond as trustee in the sum of $100,000, conditioned according to the laws of this state for such cases made and provided.

"It is further ordered that the representatives of Frank Reynolds, a lunatic, without delay file his account in this court of his trusteeship."

And thereupon Justus Goebel entered upon and assumed the duties of trustee. as well as administrator de bonus non with the will annexed. Is such latter officer, it became his duty, under the order of the court, to file the final account of his predecessor, which account was duly filed and is now before the court for confirmation. or otherwise. These exceptions have been filed to the account of Frank Reynolds, and the court will first pass upon them.

At the outset it is necessary to lay down rules which shall govern in the consideration of a case similar to the one at bar. It is elementary to say that every administrator, executor and guardian is a trustee. The terms of the trust under which the executor acts are found in the will appointing him. The statute defines the trust which the administrator executes—so, also, the guardian. In the latter two cases there can be very little latitude given to these officers—the administrator and guardian.

The statute is clear, accurate and concise in defining the duties and powers and responsibilities of these two. Not so, however with the executor trustee. He has a scope as boundless as the will of the donor shall desire to make it, and it is only when the executor prescribes the limit, that the court

interferes, unless it appears that there has been a contravention of some sound legal principle. But, ordinarily, we say that the donor may draw such a will as he may see fit. It was, therefore, with considerable trepidation that, in a will so broad as that made by Robert R. Reynolds, the court determined to cause an examination to be made into the account of these officers to determine whether they were carrying out their trusts.

Charges of irregularities amounting to fraud were made, which the court could not ignore, and for that reason expert accountants were employed to make a careful examination into the books of the Stone Lake Ice Company, a large corporation under the pacrtical management of the trustee appointed as before described.

The examinations. two in number, have been reported to the court, and a thorough examination has been made of the same, and the various items have been traced for the purpose of ascertaining where the error or errors were located. I do not and I can not go into the various exceptions. They are too numerous, the details are too complicated, and it would scarcely be profitable to state anything but conclusions, as follows:

Under the terms of item six, the discretion given is too broad to review, unless where fraud is clealry shown. The rules of law will not presume fraud. Fraud must be clearly shown, the proof must be satisfactory, and I can not find, from a fair interpretation of all that has been done, that there is any fraud connected with the management of the affairs by either Frank Reynolds, executor, or by Justus Goebel, the trustee.

I can understand how the accounts became tangled when controlled by a man possessed of such insane delusions as that this court, upon examination, found the basis of an inquest for lunacy, and he was then committed and is now confined in Longview Hospital.

Examining the quo animo of Frank Reynolds, I have determined to eliminate entirely from consideration whatever he may have done in the matter of managing or mis managing this trust, and I therefore confirm his account as an entirety.

Coming now to conclude as to the account of Justus Goebel, administrator de bonus non with the will annexed, I have nothing to add to the law as heretofore laid down with respect to Article VI, of the will, which governs him.

It was his duty to have carried out the will exactly as Frank Reynolds should have done it. He is responsible only for such acts and for that course of conduct pursued by him from and after the date of his appointment in October, of 1892. I do not find that the charges, which are necessary to substantiate, in order to remove him, have been made out. There are some errors, of no magnitude or consequence as affecting the distributive rights of the heirs of the estate, that would not justify me in sustaining these exceptions. When distribution occurs, unless removed by the act of Providence, the court now passing upon this matter will still be in a position to wind up this estate and adjust, as bewteen the distributees, any payments or overpayments.

The ten years will have elapsed in 1896, and the court is thoroughly satisfied, from a most careful scrutiny into each and every item that has been seriously called into question, that no such grounds are shown as would justify the court in sustaining the exceptions to the account.

Vouchers are not here as to some items. They cannot be here in a business which has to be operated continuously as a going concern such as the Stone Lake Ice Company. The testator never intended that they should be here. It is impossible to so conduct a business as to have an accurate voucher such as is demanded in this case.

The books, however, contain a complete record evidence, and although not found exactly where one book-keeper might expect to find it, the books, as a whole have been properly kept. They contain, at some place or another, what has satisfied me of their correctness. They represent the transactions properly.

I realize the difficulty of managing an estate as a testamentary trustee. It is hard enough, during these times, to manage it as owner; more difficult is it to manage it for another with satisfaction to all parties concerned. But in view of the language I have heretofore quoted, I have reached with satisfaction the conclusion that I ought to overrule these exceptions as a whole.

C. W. Baker, for executor; Alfred Mack, for executor and administrator.

---

(Cuyahoga County Common Pleas.)